## HOWARD *v.* FARR.

An action cannot be maintained against an officer for taking, on a writ of attachment, a particular cow of the plaintiff, if it do not appear that it was his only cow; nor upon evidence that he had two cows, and that the officer attached both, without evidence that he elected to retain the one sued for.

Whether he could maintain the action, upon proving such election, *quære.*

An action on the case may be maintained by the owner of a chattel, for an injury done to it while in the possession of a bailee for a time determinable at the will of either party.

The court will not determine upon the weight of evidence upon a case made by the parties, but will discharge the case.

CASE. The plaintiff alleged that the defendant unlawfully attached and took away his only cow, contrary to the form of the statute, &c. There was a count in trover.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the following statement of facts, submitted by the parties :

The defendant, as deputy sheriff, attached and took away two cows as the property of the plaintiff. One of the cows attached was a light red and the other a dark red cow. This action is brought for the light red cow, and the plaintiff says it is his only cow. The defendant contends that there is no evidence tending to show that he did not also own the dark red cow, and contends that he did own both.

It appeared in evidence, from the deposition of Hubbard Q. Blake, that the dark red cow was kept on Elijah Howard's place, from a calf, until the spring of 1844, when Blake hired her of Walter C. Howard, and gave his obligation for her. He was the son-in-law of the plaintiff, was with him a good deal, and never knew that he pretended to own any but the light red cow.

George Meader testified that he went to live where Elijah Howard lived, in March, 1845; that Elijah Howard

kept all his stock there at that time; that he had no cow but the light red cow at the time, or till the giving of his deposition in January; thinks he should have known if Howard had owned any other cow. He was agent for Walter C. Howard, held the obligation given to Walter C. Howard by Blake, forbade the sale of the cow as Elijah Howard's property; had directions from Walter C. Howard to sell the cow when the obligation run out.

The defendant also contended that the action should have been brought in the name of Hubbard Q. Blake. The plaintiff went to live in the same house with Blake some time in the spring of 1845. Soon after he went there, he drove this light red cow there, and made a bargain with Blake to use the milk of the cow during the summer, if he did not sell her, for which Blake was to do his washing and mending.

Dyer Hibbard and George Meader, during the summer, frequently talked with the plaintiff about buying this cow.

It was agreed that if the court shall be of the opinion that the action can be maintained upon the foregoing facts, judgment is to be rendered for the plaintiff for thirteen dollars; otherwise for the defendant.

*Bellows*, for the defendant. The red cow having been the plaintiff's, remained his, there having been no competent evidence of a sale of it to his son.

The real question is, whether the debtor has, in such cases, the right of election. We say he has no such right. The officer may take one if he find two.

If the time for which the son hired the cow had not expired, the action cannot be maintained by the plaintiff, since he had no such property in the chattel as would enable him to do so.

*Rand*, for the plaintiff. If the debtor owns two cows, and the sheriff take both, the debtor may maintain an action for either.

The letting of the cow by the plaintiff was only during the option of either party. 9 N. H. Rep. 243; Story on Bailm. 191, 262.

GILCHRIST, J. This is an action on the case against the deputy sheriff, for taking, upon a writ of attachment, the plaintiff's light red cow, it being his only cow, according to his allegation, and as such exempt from the process by the provisions of the statute. There is also a count in trover for the same cow.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon questions presented by an agreed statement of the evidence.

Upon some evidence supposed to exist, that the plaintiff was at the time of the attachment the owner of two cows, a question has been made in the argument whether he had the right to elect which of them to retain, as under the protection of the statute. But the question does not properly arise, since no evidence of an election is afforded by the case, except that which is afforded by the bringing of the action. It seems plain that some other indication of election should be given, in order to enable an officer to proceed with safety in the discharge of his duties.

From the case it seems that "the defendant contends that there is no evidence to show that the plaintiff did not also own the dark red cow, and contends that he did own both." We think we are not justified in construing that language as an agreement of the parties that judgment shall be rendered upon the verdict, if any evidence does exist from which the jury might find that fact. We therefore cannot undertake to consider the evidence contained in the case, further than to ascertain that it is such as might justify a verdict either way. The court will not assume to pronounce upon the weight of evidence.

For this reason, and that the jury may find whether the dark red cow was or was not the plaintiff's, or rather

whether the cow which is the subject of the action was, at that juncture, the plaintiff's only cow, the case must be discharged.

If the cow in question was his only cow, the action being case, will lie for the damage sustained by the plaintiff through the tortious act of the defendant. 1 Chit. Pl. 138 ; 1 Saund. Pl. and Ev. 390.

*Case discharged.*